UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. MCCARTHY, | : | **CIVIL NO. 1:10-CV-02216** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Smyser) |
| WARDEN, USP LEWISBURG, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

In 1994, the petitioner was convicted in the United States District Court for the District of Connecticut on two counts of possession of a weapon by a previously convicted felon in violation of 18 U.S.C. § 922(g). *United States v. McCarthy,* 54 F.3d 51, 53 (2d Cir. 1995). He was sentenced to a 235-month term of imprisonment. *Id.* The United States Court of Appeals for the Second Circuit affirmed the district court's judgment and imposition of sentence. *Id.* at 56.

The petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *See Docket Sheet in USA v. McCarthy,* 5:92-CR-0070 (D.Conn). The district

court denied that motion but issued a certificate of appealability. *Id.* On November 18, 2009, the United States Court of Appeals for the Second Circuit dismissed the appeal because it lacked an arguable basis in law or fact. *Id. See also Doc. 1-2* at 5.

On October 27, 2010, the petitioner filed the instant petition for a writ of habeas corpus, coram nobis or audita querela. On November 3, 2010, the petitioner filed an application to proceed *in forma pauperis*. By a separate Order, we granted the petitioner's application to proceed *in forma pauperis*. We recommend that the petition be dismissed.

The petitioner attached to his petition a petition for an application for coram nobis relief or writ of audita querela relief that he had filed in the United States District Court for the District of Colorado. He contends that he was denied counsel at critical stages of his trial.

28 U.S.C. § 2255 provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . . .
>
> (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

To be able to bring a 28 U.S.C. § 2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of § 2255, i.e. that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention. *Manna v. Schultz*, 591 F.3d 664, 665 (3d Cir. 2010). The safety-valve language in § 2255 has

3

been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a § 2255 motion in a particular case do not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). A motion under § 2255 is inadequate or ineffective only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting *Leguillou, supra*, 212 F.2d at 684).

28 U.S.C. § 2255 establishes a one-year statute of limitations applicable to § 2255 motions. Also, before a second or successive § 2255 motion may be considered by the

4

district court, it must be certified by a three judge panel of the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative" *Id.* at 538.

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a

5

successive § 2255 motion.  *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995).  In *Bailey* the Court held that a defendant may not be convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant "actively employed the firearm during and in relation to the predicate crime."  After the *Bailey* decision the petitioner in *Dorsainvil* filed an application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal.  The Third Circuit held that a prisoner who was convicted and filed his first § 2255 motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. *Id*. at 248.  The Third Circuit went on to indicate that although a prisoner may not file a second § 2255 motion based on *Bailey* he may file a 28 U.S.C. § 2241 habeas corpus petition. *Id*. at 251.  However, the Third Circuit cautioned that:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.

119 F.3d at 251.

The petitioners in *Dorsainvil* and similar cases were allowed to present their claims that they were imprisoned for conduct that the Supreme Court had determined is not illegal (actual innocence claim) in a § 2241 petition because they did not have an unobstructed procedural opportunity to raise their claim in a § 2255 motion since they had filed a § 2255 motion prior to the *Bailey* decision and did not meet the requirements for filing a second § 2255 motion after *Bailey*. It was the fact that the petitioners in *Dorsainvil* and other similar cases did not have an unobstructed procedural opportunity to raise their claims of actual innocence that led the courts in those

7

cases to allow 28 U.S.C. § 2241 petitions. *Abdullah v. Hedrick*, 392 F.3d 957, 960 (8th Cir. 2004)(analyzing *Dorsainvil* and other similar cases and stating that courts have "limited the use of § 2241 petitions to cases in which the petitioner asserts a claim of actual innocence and never had an unobstructed procedural opportunity to raise the claim.").

In the instant case, the petitioner is not in a position similar to the petitioner in *Dorsainvil*. The petitioner's claim is not that he was convicted of conduct later deemed to be noncriminal by a change in the law. Moreover, the petitioner could have raised the claim that he is seeking to raise in this petition on direct appeal or in his Section 2255 motion.

The petitioner asserts that he did raise the claim in his Section 2255 motion but that it was never ruled on. However, the Second Circuit's November 18, 2009 Order indicates that the district court had issued a certificate of appealability on the issue of whether the petitioner was entitled to a ruling on his claim that he was constructively denied counsel at critical

8

stages of the proceedings. *Doc. 1-2* at 5. However, the Second Circuit dismissed the petitioner's appeal because it lacked an arguable basis in law or fact. *Id.* Thus, the petitioner had the opportunity to raise the issue and the issue was considered. That the petitioner was denied relief does not establish that he falls within the safety valve language of § 2255. The petitioner does not fall within the narrow exception set forth in *Dorsainvil.* Accordingly, the petitioner may not resort to habeas corpus to present his claim.

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence." *Massey v. United States,* 581 F.3d 172, 174 (3d Cir. 2009). The petitioner's claim is the type of claim that must be brought by way of a 28 U.S.C. § 2255 motion. The petitioner may not seek relief through either a petition for a writ of coram nobis or audita querela on the basis of his inability to satisfy the requirements for filing a second or successive § 2255 motion. *See Massey, supra,* 581 F.3d at 174 (petition for writ of audita querela); *United States v. Baptiste*, 223 F.3d 188, (3d Cir. 2000)(petition for a writ of coram nobis).

9

Accordingly, it will be recommended that the petition be dismissed.

Based on the foregoing, it is recommended that the petition be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: November 15, 2010.